IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVIN ROTHARMEL, et al., | : Civil No. 4:25-CV-235 |
| | : |
| Plaintiffs, | : |
| | : (Judge Wilson) |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| DAUPHIN COUNTY CHILDREN | : |
| AND YOUTH SERVS., et al., | : |
| | : |
| Defendants. | : |

REPORT AND RECOMMENDATION

## I.    Statement of Facts and of the Case

This is a civil rights action filed by the *pro se* plaintiffs, Alvin and
Heather Rotharmel.  (Doc. 1).  The initial complaint named Dauphin
County Children and Youth Services ("Dauphin CYS"), Juniata County
Children and Youth Services ("Juniata CYS"), and several individual
defendants.  (*Id.*).  The plaintiffs filed a motion for leave to proceed *in
forma pauperis*, which led to a mandatory screening review of their
complaint.  (Docs. 2).  We recommended that the plaintiffs' complaint
be dismissed because the compliant violated Rule 8 of the Federal Rules
of Civil Procedure and further, consideration of their claims was barred
by the *Younger* abstention doctrine since the plaintiffs' custody case was

ongoing.  (Doc. 6).   The district court adopted our recommendations and dismissed the plaintiffs' complaint without prejudice to reopening this matter once the state custody proceedings concluded.   (Doc. 7).

The plaintiffs have now filed an amended complaint, and the case was reopened and referred to the undersigned for consideration of the amended complaint.   (Docs. 10, 11).   The amended complaint is identical to the amended complaint filed in the plaintiffs' other civil case in this court, docketed at 4:24-CV-1908, and asserts claims of due process violations arising out of their state custody proceedings in Northumberland County, alleging that the Rotharmels' children were wrongfully removed from their care by Northumberland County Children and Youth Services ("NCCYS") and a NCCYS supervisor, Diana Stine. (Doc. 11 at 3).

In addition to their complaint, the plaintiffs attach a list of additional defendants they wish to sue.   (Doc. 11-1).   This list includes several individual defendants, some of whom have been named in other lawsuits the plaintiffs have filed, including state court judges, caseworkers from other counties, and attorneys.   (*Id.*).   In addition, the

2

complaint contains virtually no facts regarding these individuals' or entities' conduct with respect to the plaintiffs' Northumberland County custody case. For example, it is entirely unclear how a Dauphin County CYS caseworker, a Dauphin County Court of Common Pleas judge, and a foster parent in Dauphin County have any relation to the Rotharmels' Northumberland County case. (*Id.*). Additionally, the facts alleged with respect to certain individuals on this list give no indication as to how they are related to the Rotharmels' case at all, such as Kimberly Vandervort/Baker, who the plaintiffs accuse of "slander, harassment, and defamation of carictore (sic)." (*Id.* at 1).

After consideration, for the reasons that follow, we recommend that the amended complaint be dismissed.

II.    <u>Discussion</u>

A. <u>Screening of *Pro Se* Complaints – Standard of Review</u>

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We review such complaints to determine whether there are frivolous or malicious claims, or if the

3

complaint fails to state a claim upon which relief may be granted. *Id.* This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are

based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'" *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)). We must apply the relevant law even if the *pro se* plaintiff does not mention it by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). However, a *pro se* complaint must still meet the basic requirements of Federal Rule of Civil Procedure 8, which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

###    B. <u>The Amended Complaint should be Dismissed as Duplicative.</u>

"As part of its general power to administer its docket, a district court may dismiss a duplicative complaint." *Fabics v. City of New Brunswick*, 629 F. App'x 196, 198 (3d Cir. 2015). Here, the plaintiffs' amended complaint filed in this case is identical to the amended complaint filed in the plaintiffs' other civil action in this court. That amended complaint sets forth facts related to the Rotharmels' state custody matter in Northumberland County. (Doc. 11). In the previously filed action, we recommended that the amended complaint be served as to the plaintiffs' Fourteenth Amendment claims against Defendants NCCYS and Diana Stine. To the extent the plaintiffs wish to sue the other myriad defendants they have named, they may move to amend their complaint in the previously filed action to add those defendants and factual allegations against them. Accordingly, this matter should be dismissed as duplicative.

## III.  <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiffs' amended complaint (Doc. 11) be DISMISSED as duplicative of the complaint in 4:24-CV-1908.[1]

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those

[1] We are constrained to comment on the *pro se* plaintiffs' filing docketed at Doc. 12, which purports to be a letter from "an elite law firm representing the Rotharmels in this matter," (Doc. 12 at 1), but is signed by the Rotharmels themselves.  Upon further review, this letter appears to have been generated using Artificial Intelligence ("AI"), as Callidus AI, whom the letter states is representing the plaintiffs, appears to be an AI-generated legal research website.  *See* https://callidusai.com.  We caution the plaintiffs that, to the extent they have obtained counsel to represent them in this matter, counsel must enter his or her appearance on the docket.  If the plaintiffs intend to continue proceeding *pro se*, filings setting forth the misrepresentation that they are represented by counsel will not be tolerated by the Court.

portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 21st day of July 2025.

_s/ Daryl F. Bloom_
Daryl F. Bloom
Chief United States Magistrate Judge